UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORWOOD YACHT SALES, INC., )<br>　　　　Plaintiff,　　　　　　　） <br>　　　　　　　　　　　　　　　） | Civil Action No. 10-10843 |
| v.　　　　　　　　　　　　　　） <br>　　　　　　　　　　　　　　　） | COMPLAINT |
| LAB MARINE and　　　　　　　） <br>BANK OF THE WEST,　　　　　　） <br>　　　　Defendants.　　　　　　） | |

**BRIEF INTRODUCTION**

1. This claim arises out of an act of copyright infringement, breach of contract, and other wrongful conduct perpetrated by the Defendants where:

    a. Without prior permission or authorization, Defendants took Plaintiff's copy and photographic images from an advertisement they had published in an effort to sell a vessel known as the M/Y NITE CAPS and their use of the same resulted in the vessel's sale.

    b. Defendant, Bank of the West, failed to pay Plaintiff for agreed-to services that were duly rendered upon, to, and/or for the M/Y NITE CAPS.

2. Plaintiff seeks damages and all other relief that this Court deems just and proper including but not limited to compensatory and statutory damages, restitution, lost profits, and any other equitable remedies that may be found applicable to the Defendants' wrongdoings.

## PARTIES

3. The Plaintiff, Norwood Yacht Sales, Inc. is a corporation organized under the laws of the Commonwealth of Massachusetts, doing business within Suffolk County, Commonwealth of Massachusetts.

4. The Defendant, Lab Marine, is a corporation organized under the laws of the State of Maryland and doing business in Suffolk County, Commonwealth of Massachusetts, in which it has done business and has minimum contacts sufficient to establish jurisdiction in this Court.

5. The Defendant, Bank of the West, is a national bank organized under the laws of California and doing business within the Commonwealth of Massachusetts with sufficient minimum contacts to establish jurisdiction before this Court.

## JURISDICTION

6. This is an action for damages arising under the copyright laws of the United States.

7. This Court has original and exclusive jurisdiction over the subject matter of Plaintiff's copyright infringement claims under 28 U.S.C. 1338(a).

8. This Court has jurisdiction pursuant to the Massachusetts Long Arm Statute, MASS.GEN.LAWS ch. 223A, § 3.

9. Venue is proper pursuant to 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

10. At all times relevant to this Complaint, the Plaintiff was in the business of marketing and selling water vessels.

11. Plaintiff in this action is the owner and holder of copyrights in and to images and copy from an advertisement to sell the M/Y NITE CAPS that have been wrongfully taken and used for the sale of the same vessel without the Plaintiff's prior authorization, or prior permission, and without payment of compensation to the Plaintiff.

12. On or about October 18, 2008 the Plaintiff combined their photographs and their copy into the creation of an advertisement which they caused to be published on the internet in an effort to sell the M/Y NITE CAPS.  See Plaintiff's Advertisement, Ex. A.

13. After the Plaintiff published their ad in an effort to market and sell the M/Y NITE CAPS, Defendant, Bank of the West, informed Plaintiff that it would either foreclose or repossess the vessel for nonpayment of a security interest that Bank of the West held on the vessel. Notwithstanding this action by Bank of the West, it instructed the Plaintiff to continue marketing the vessel for sale, and also requested the Plaintiff to perform certain services to, upon, and for the vessel with respect to its maintenance and preservation.

14. At all times relevant hereto, the Defendants knew that the copyright laws of the United States required them to obtain prior permission from the holder of copyrights in photographic images and copy prior to using and/or authorizing others, in consideration for a fee, to use and/or copy written literary works containing images and/or copy.

15. Notwithstanding their knowledge of the applicable laws, the Defendants willfully disregarded the copyright laws of the United States by using and/or authorizing others to reproduce copyrighted works containing Plaintiff's images and copy, in consideration for a fee, without first securing the Plaintiff-copyright holder's prior permission or authorization.

16. By engaging in copyright infringement, either directly, contributorily, or vicariously, the Defendants were able to sell the M/Y NITE CAPS by wrongfully using the Plaintiff's advertisement without the Plaintiff-copyright holder's prior permission or authorization.

17. After the expiration of the forbearance period for Bank of the West's repossession or foreclosure of the M/Y NITE CAPS, Bank of the West advised Plaintiff that the Defendant, Lab Marine, would be the exclusive agent for the sale of the vessel and that the Plaintiff would no longer have any rights nor would it be compensated for the services rendered by Plaintiff to the vessel on behalf of Bank of the West.

18. At approximately the same time, Bank of the West, through its agent, Lab Marine, without prior approval and/or authorization from the Plaintiff-copyright holder, downloaded or by other electronic means, copied the Plaintiff's images and copy from their place of publication and posted them on the internet, identified as their own. See Defendants' Advertisement, Ex. B.

19. Defendant, Lab Marine, acting independently and/or as agent of Bank of the West proceeded to utilize Plaintiff's images and copy to market the M/Y NITE CAPS.

20. Neither Defendant has compensated Plaintiff for the use of their images or copy or for the role they played in procuring the customer who purchased the vessel M/Y NITE CAPS or for services they contracted and did perform for, to, and upon the vessel.

**COUNT I**
**NORWOOD YACHT SALES, INC. v. LAB MARINE**
(Copyright Infringement)

21. Paragraphs 1-20 are incorporated by reference.

22. Plaintiff is the holder of a valid copyright with regard to Plaintiff's own images and copy that appear in Plaintiff's Advertisement (Ex. A) and has registered the same with the

United States Copyright Office effective November 18, 2009, Registration Number TX 7-120-342.  See Certificate of Registration, Ex. C.

23. Defendant copied Plaintiff's copyrighted images and copy without prior permission or authorization.

24. Each of Plaintiff's images and all of their copy were original works of authorship and copyrightable subject matter under 17 U.S.C. § 101 et. seq.

25. Plaintiff's Advertisement was first published on or about March 1, 2009.

26. The Defendant had access to Plaintiff's advertisement and each of its photographic and textual components since the date of their first publication in Plaintiff's ad on the internet.

27. Defendant's advertisement (Ex. B) was first published after Plaintiff's advertisement (Ex. A).

28. Defendant's use of Plaintiff's copyrighted materials led to the sale of the M/Y NITE CAPS.

29. Defendant's use of each copyrighted image and piece of copy is a separate and distinct act of copyright infringement.

30. The foregoing acts of copyright infringement have been willful, wanton, intentional, and purposefully in disregard of and with indifference to the rights of the Plaintiff-copyright holder.

31. The Defendant's conduct, as set forth herein, constitutes direct, contributory, and/or vicarious infringement of the Plaintiff's copyrights and exclusive rights in violation of §§ 106 and 501 of the Copyright Act.

32. As a direct and proximate result of the Defendant's direct, contributory, and/or vicarious infringement of the Plaintiff's copyrights and exclusive rights in violation of §§ 106 and

501 of the Copyright Act, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for each act of infringement.

## REQUEST FOR RELIEF

a. That this Court enter judgment in favor of the Plaintiff against the Defendant.

b. That this Court Order the Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant's infringing actions upon Plaintiff's copyrights.

c. That this Court award Plaintiff actual damages and all gains, profits, and advantages derived by Defendant's infringing actions upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504(b).

d. That this Court award Plaintiff pre-judgment and post-judgment interest.

e. For such other relief as this Court may deem appropriate.

## COUNT II
### NORWOOD YACHT SALES, INC. v. LAB MARINE
(Violation of Mass.Gen.Laws ch. 93A, § 11)

33. Paragraphs 1-32 are incorporated by reference.

34. At all times material hereto, the Defendant was engaged in trade or commerce within the definitions of Mass.Gen.Laws ch. 93A.

35. The Defendant willfully and with the intent to harm the Plaintiff by dodging the consideration they would have otherwise charged for their permission and/or authorization, engaged in unfair and deceptive acts of trade and or business practice.

36. As a result of Defendant's unfair or deceptive acts and/or practices, Plaintiff has sustained damages, including but not limited to, loss of income and has incurred professional fees

and litigation-related costs and will continue to incur additional professional fees and expenses until this matter is resolved.

## REQUEST FOR RELIEF

a. That this Court enter judgment in favor of the Plaintiff against the Defendant.

b. That this Court award Plaintiff treble damages, attorneys fees, and all costs caused by the need for this litigation.

c. For such other relief as this Court may deem appropriate.

## COUNT III
### NORWOOD YACHT SALES, INC. v. BANK OF THE WEST
(Copyright Infringement)

37. Paragraphs 1-36 are incorporated by reference.

38. Plaintiff is the holder of a valid copyright with regard to Plaintiff's own images and copy that appear in Plaintiff's Advertisement (Ex. A) and has registered the same with the United States Copyright Office effective November 18, 2009, Registration Number TX 7-120-342.  See Certificate of Registration, Ex. C.

39. Defendant copied Plaintiff's copyrighted images and copy without prior permission or authorization.

40. Each of Plaintiff's images and all of their copy were original works of authorship and copyrightable subject matter under 17 U.S.C. § 101 et. seq.

41. Plaintiff's Advertisement was first published on or about March 1, 2009.

42. The Defendant had access to Plaintiff's advertisement and each of its photographic and textual components since the date of their first publication in Plaintiff's ad on the internet.

43. Defendant's advertisement (Ex. B) was first published after Plaintiff's advertisement (Ex. A).

44. Defendant's use of Plaintiff's copyrighted materials led to the sale of the M/Y NITE CAPS.

45. Defendant's use of each copyrighted image and piece of copy is a separate and distinct act of copyright infringement.

46. The foregoing acts of copyright infringement have been willful, wanton, intentional, and purposefully in disregard of and with indifference to the rights of the Plaintiff-copyright holder.

47. The Defendant's conduct, as set forth herein, constitutes direct, contributory, and/or vicarious infringement of the Plaintiff's copyrights and exclusive rights in violation of §§ 106 and 501 of the Copyright Act.

48. As a direct and proximate result of the Defendant's direct, contributory, and/or vicarious infringement of the Plaintiff's copyrights and exclusive rights in violation of §§ 106 and 501 of the Copyright Act, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for each act of infringement.

## REQUEST FOR RELIEF

a. That this Court enter judgment in favor of the Plaintiff against the Defendant.

b. That this Court Order the Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant's infringing actions upon Plaintiff's copyrights.

c. That this Court award Plaintiff actual damages and all gains, profits, and advantages derived by Defendant's infringing actions upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504(b).

d. That this Court award Plaintiff pre-judgment and post-judgment interest.

e. For such other relief as this Court may deem appropriate.

## COUNT IV
### NORWOOD YACHT SALES, INC. v. BANK OF THE WEST
(Breach of Contract)

49. Paragraphs 1-48 are incorporated by reference.

50. Plaintiff entered into binding written and/or oral agreements with the Defendant to perform certain tasks and services to, upon, and for the vessel, M/Y NITE CAPS, with respect to its maintenance and preservation.

51. The Plaintiff duly performed all such tasks and services as agreed.

52. The Defendant has breached each such agreement by failing to pay financial consideration for each such task and/or service rendered by Plaintiff.

### REQUEST FOR RELIEF

    a. That this Court enter judgment in favor of the Plaintiff against the Defendant.

    b. For such other relief as this Court may deem appropriate.

## COUNT V
### NORWOOD YACHT SALES, INC. v. BANK OF THE WEST
(Violation of Mass.Gen.Laws ch. 93A, § 11)

53. Paragraphs 1-52 are incorporated by reference.

54. At all times material hereto, the Defendant was engaged in trade or commerce within the definitions of Mass.Gen.Laws ch. 93A.

55. The Defendant willfully and with the intent to harm the Plaintiff by dodging the consideration they would have otherwise charged for their permission and/or authorization, engaged in unfair and deceptive acts of trade and or business practice.

56. As a result of Defendant's unfair or deceptive acts and/or practices, Plaintiff has sustained damages, including but not limited to, loss of income and has incurred professional fees

and litigation-related costs and will continue to incur additional professional fees and expenses until this matter is resolved.

## REQUEST FOR RELIEF

a. That this Court enter judgment in favor of the Plaintiff against the Defendant.

b. For such other relief as this Court may deem appropriate.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted,
Plaintiff,
By its attorneys,

 /s/ John J. Bromley_____
Brain Keane, B.B.O. No. 656717
John J. Bromley, B.B.O. No. 672134
THE KAPLAN BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
jbromley@kaplanbond.com

DATED: May 18, 2010